[No. 4321.]

## SICKMAN v. WOLLETT.

1. **Mechanics' Liens—Statement.**

A mechanic's lien statement which states that claimant claims a lien for materials furnished to the contractor for use in the construction of a building upon the land in controversy is sufficient, notwithstanding it does not state in express terms that the materials were furnished by the claimant.

2. **Same.**

A mechanic's lien claimant is not entitled to a lien for materials furnished by another party who assigned the claim to him where his lien statement fails to show that the materials were furnished by the assignor.

3. **Appellate Practice—Misjoinder.**

An objection that two causes of action were improperly joined cannot be raised on appeal where no. such objection was made in the trial court.

4. **Mechanics' Liens—Attorneys' Fees—Constitutional Law.**
   Attorneys' fees cannot be allowed in actions to foreclose mechanics' liens as that part of the mechanics' lien statute allowing attorneys' fees is unconstitutional.

*Error to the County Court of Boulder County.*

*On Rehearing.*

Messrs. ROBINSON & McHARG and Mr. E. A. BALLARD, for plaintiff in error.

Mr. S. S. DOWNER, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

An action was brought by Joseph N. Wollett in the county court of Boulder county to enforce a mechanic's lien on a lot and building erected thereon and owned by the plaintiff in error, Sarah J. Sickman. The complaint alleges that the plaintiff furnished materials, between the 3d of March and the 14th of June, 1900, to one T. M. Hyder, which were used in the erection of the dwelling house owned by Sarah J. Sickman. The plaintiff was permitted to amend his complaint by stating that a portion of the materials used was furnished by a certain corporation and that the claim of said corporation had been assigned to him. A contract between the owner of the building and the person who erected it is set out in the pleadings and was offered in evidence. From it, it appears that the entire cost of the building should be the sum of $3,000, subject to additions and deductions by mutual consent. The contract was not recorded. Trial was had to the court, without a jury, and judgment was rendered in favor of the plaintiff and against the defendant Hyder for the sum of $1,065.36 and an attorney's fee in the sum of one hundred dollars, and the plaintiff was decreed a lien upon

the premises of Sarah J. Sickman for the amount of the judgment awarded against Hyder.

The case is brought here by writ of error by the defendant Sickman.

The principal error discussed in the brief is that which relates to the sufficiency of the lien statement. The lien statement fails to state in express terms that the materials were furnished by J. N. Wollett, and it does not state in express terms by whom they were furnished. It is insisted that under the rulings of this court such failure is fatal, and that we. should now reverse the case because of this defect. We are of opinion that the lien statement is not fatally defective. It contains a statement which conveyed to the owner of the property sufficient information as to the materials furnished by the claimant. The lien statement is as follows:

"The undersigned, J. N. Wollett, for the purpose of claiming a lien for materials furnished, does hereby make the following statement: The name of the owner sought to be charged with the lien is Sarah J. Sickman. The name of the party claiming the lien is J. N. Wollett. * * * The total amount of indebtedness, from said Sarah J. Sickman, to J. N. Wollett, is one thousand and thirty dollars and eleven cents ($1,030.11), upon which amount no sum has been paid; and the balance and amount now due and owing this claimant is one thousand and thirty dollars and eleven cents ($1,030.11). That said materials were furnished to T. M. Hyder, contractor, for use in the construction of a building upon said above described premises, on, and between the dates of March 3, A. D. 1900, and June 14, A. D. 1900; and said materials were used in the construction of a building upon said premises, which building was completed on July 9, A. D. 1900."

This contains all the information the owner of

the building was entitled to as to the materials actually furnished by J. N. Wollett; and, in pursuance of the policy of this court relative to the construction of these statutes, it is our duty to hold that in this respect the lien statement is sufficient. It appeared, however, from the testimony, that a portion of the amount claimed by J. N. Wollett was for materials furnished by The Wollett-Brown Lumber and Supply Company, and we are of opinion that as to this portion of the indebtedness the plaintiff is not entitled to a lien, because he has failed to inform the defendant in his lien statement that the materials were furnished by the corporation. We shall assume that the proof was sufficient to warrant the court in entering judgment against the defendant.

The objection to the amendment to the complaint stated in the brief is not that the plaintiff added a new cause of action to his complaint, but that two causes of action were improperly joined. By not making the objection in the lower court, the plaintiff has waived the objection and cannot be heard to make it for the first time in this court. It has been held a great number of times that one may join a cause of action for goods and materials furnished by himself with a cause of action for goods and materials supplied by another person, the claim having been assigned to the plaintiff.

The award of attorney's fees cannot be allowed. That portion of the law authorizing the assessment of attorney's fees in these cases has by the court been held to be unconstitutional.

The plaintiff is entitled to recover of and from the defendant Hyder the amount of his claim for goods furnished by himself and furnished by The Wollett-Brown Lumber and Supply Company, but is entitled to a lien for only that portion of his claim

which is based upon the account for goods and materials furnished by himself.

The judgment is reversed, with directions to the court to enter judgment awarding the plaintiff a lien upon the property of the defendant Sickman for the amount of the materials furnished, as shown by the testimony, by the plaintiff, J. N. Wollett, alone, and for costs and interest.

The former opinion is withdrawn.

*Reversed and remanded.*